```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
FELIX GENAO DE LA CRUZ,                                          :
                                                                 :
                        Petitioner,                              :
                                                                 :        21-cv-6589 (LJL)
        -v-                                                      :
                                                                 :          ORDER
ALEJANDRO MAYORKAS, et al.,                                      :
                                                                 :
                        Respondents.                             :
                                                                 :
-----------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

      This petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 was filed on August 4, 2021. At the time, Petitioner Felix Genao de la Cruz ("Petitioner" or "Cruz") was in immigration detention. Dkt. No. 1 at 2. He alleged that his detention violated his rights under the Due Process Clause of the Fifth Amendment, *id.* at 2, and he sought as relief that he be released and that his deportation proceedings be stayed, *id.* at 7. The Court ordered the government to answer. Dkt. No. 3.

      The government now seeks to have the Court dismiss the Petition as moot. Dkt. No. 6. On August 6, 2021, Cruz informed the U.S. Immigration and Customers Enforcement ("ICE") that he wished to be removed to his home country as soon as possible. Dkt. No. 6-1 ¶ 14. On August 10, 2021, in preparation for removal, Petitioner attended an interview with the consulate for the Dominican Republic, and the consulate informed ICE that it would issue a travel document for Petitioner later that week, which it did. *Id.* ¶ 15. On August 17, 2021, pursuant to a reinstated final removal order, ICE removed Cruz from the United States via an ICE Air Charter flight to the Dominican Republic. *Id.* ¶ 16.

      "A case 'becomes moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *De La Cruz v. Department of Homeland Security*, 2021 WL 431037, at *2 (S.D.N.Y. Feb. 8, 2021) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)); *see also Hasson v. Searls*, 976 F.3d 121, 130 (2d Cir. 2020) ("The government's appeal is now moot because Hassoun has been removed from the United States."). The Petition seeks a stay of deportation and Petitioner's release. But, by his own action, Petitioner has prevented the Court from giving him any effective relief. His request to stay the removal proceedings that have now concluded is moot as is the request to be released from detention to which he is no longer subject. *See De La Cruz*, 2021 WL 431037, at *2; *Karamoke v. U.S. Homeland Sec.*, 2009 WL 2575886, at *1 (S.D.N.Y. Aug. 20, 2009) ("When a habeas petitioner challenges solely his detention, but is subsequently released prior to removal, courts routinely dismiss the petition as moot, finding no persisting case in controversy.").

      The Petition is dismissed as moot.  Since Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purposes of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).  The Clerk is respectfully directed to close the case.[1]

      SO ORDERED.

Dated: August 23, 2021  
      New York, New York

                                       LEWIS J. LIMAN  
                                       United States District Judge

---

[1] The government also contends that venue is not proper in this District.  Dkt. No. 6.  In light of the Court's disposition of the Petition, it need not reach the question of venue.